IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LORI A. RAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11-4136-KHV-GLR |
| ) | |
| WOLF CREEK NUCLEAR ) | |
| OPERATING CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

The Court has under consideration a letter (ECF No. 12) that is construed as a Motion for Reconsideration of the Court's denial of Plaintiff's Motion for Appointment of Counsel (ECF No. 10) and the Court's decision not to include an issue of comparative fault in its Scheduling Order. Defendant has not responded to the letter/motion. For the reasons set out below, the Court denies the motion.

**I.      Relevant Factual Background**

Plaintiff *pro se* commenced this action in October 2011 by filing a civil complaint and paying the filing fee of $350.00. Her complaint alleges (1) employment discrimination in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621, et seq., and Americans with Disabilities Act of 1990 (ADA), as amended, 42 U.S.C. § 12101, et seq. and (2) fraud. In a February 2012 motion for appointment of counsel, she stated she was able and willing to use her own resources to pay for an attorney but needed the assistance of the Court to find and appoint one for her. She provided a lengthy list of names and web sites of attorneys she had contacted without success. The Court denied the motion during the telephone scheduling conference of February 9, 2012. It also determined that, based upon the pleadings, there was no need to designate in the

scheduling order that the common law theory of comparative negligence is an issue for discovery. On February 13, 2012, Plaintiff filed her letter, which the Court here treats as a motion for reconsideration of these two rulings. On the same day she also filed a financial affidavit. On March 3, 2012, she filed a follow-up letter, regarding the requested reconsideration.

## II.  Proper Motion Practice

Neither the Federal Rules of Civil Procedure nor the local rules of the District of Kansas contemplate or authorize parties to make requests through a letter to the Court. To the contrary, matters are properly brought before the Court through motions and other formal filings captioned with the names of the parties and case number.[1] Rule 5(a) of the Federal Rules of Civil Procedure requires that written motions and other formal filings be served on every other party. Rule 5(d) requires the filing party to file a certificate of service for every "paper after the complaint that is required to be served." Rule 11 requires all written filings to be signed and to "state the signer's address, e-mail address, and telephone number."[2] Rule 5.1 of the Rules of Practice and Procedure for the District of Kansas (local rules) provides requirements for the form of pleadings and papers, including specific contents for a certificate of service. Rule 7.1 of the local rules provides specific requirements for motions, including the filing of a brief or memorandum for most motions, stating the facts and any citations of law to support the motion. Rule 7.3 of the local rules requires parties seeking reconsideration of an order or decision to file a written motion. For the benefit of the parties, the Court is attaching to this Memorandum and Order sample forms to aid in the preparation and

---

[1]For an example, see the caption at the top of page one of this Memorandum and Order. *See also* Form 1 of Appendix of Forms annexed to Federal Rules of Civil Procedure (referred to in Fed. R. Civ. P. 84).

[2]See Form 2 of Appendix of Forms for a signature-block example.

filing of a motion and supporting memorandum.[3]

The Court liberally construes filings of *pro se* parties.[4]  But all parties, even those proceeding without counsel, are obligated to comply with the procedural rules governing the action.[5]  Although the Court has construed Plaintiff's letter as a motion to reconsider and will consider it despite its procedural shortcomings, Plaintiff should become familiar with and comply with the governing procedural rules set out in the Federal Rules of Civil Procedure and the local "Rules of Practice of the United States District Court for the District of Kansas."  Future non-compliance with procedural rules may result in summary denial of a filing.[6]

---

[3]The attached sample forms set out generic requirements for motions and supporting memoranda.  Special rules apply to certain types of motions.  *See*, *e.g.*, D. Kan. Rule 6.1(a) (motions for extension of time), 6.1(b) (motions for continuance), 6.1(c) (joint or unopposed motions), 7.1(b) (joint or unopposed motions); 15.1 (motions to amend and for leave to file); 37.1 (motions relating to discovery); 37.2 (motions concerning discovery disputes); 56.1 (motions for summary judgment).  Parties are expected to understand and follow the governing rules of procedure.

[4]*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

[5]*Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[6]This Court's internet site – http://www.ksd.uscourts.gov/ – contains several resources for *pro se* litigants under the tab "self representation:"  (1) the "Resource Materials" and "Find a Lawyer" sections explain what it means to proceed *pro se*, provide guidance for finding an attorney, and provide links to numerous resource materials, including "Filing Your Lawsuit in Federal Court: A *Pro Se* Guide"; (2) the "Rules" section provides the General Practice Guidelines applicable in the District of Kansas, Chambers Standing Orders, Guidelines, and Instructions for various judges, CM/ECF procedures, and links to other information, including the District of Kansas local rules and various federal rules; (3) the "Forms" section provides links to various forms that may be helpful to a *pro se* litigant; and (4) the "Glossary of Legal Terms" links to a glossary on www.uscourts.gov.  The *Pro Se* Guide mentioned above identifies libraries where a party may do legal research and find a copy of the Federal Rules of Civil Procedure and other legal sources.  It also identifies several agencies that may assist a *pro se* litigant.  A copy of the local rules is available from the Clerk's Office upon request by a *pro se* litigant.  Copies of various federal rules are also available at       http://www.uscourts.gov/RulesAndPolicies/FederalRulemaking/RulesAndForms.aspx

**III.     Motion For Reconsideration**

The Federal Rules of Civil Procedure do not provide for motions for reconsideration.[7] The Court, however, "has the inherent power to reconsider its interlocutory rulings" and should do so when "error is apparent."[8] The District of Kansas, furthermore, has promulgated a local rule, D. Kan. Rule 7.3(b), which addresses reconsideration of non-dispositive rulings. Pursuant to Rule 7.3(b), motions seeking reconsideration of a non-dispositive order must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." Whether to grant or deny reconsideration lies within the Court's sound discretion.[9] The movant has the burden to show an adequate reason to reconsider the prior order of the Court.[10]

In this case, Plaintiff asks the Court to reconsider its denial of appointment of counsel and its decision regarding comparative fault. She does not identify any change in controlling law or the availability of new evidence. She instead apparently relies on a perceived need to correct clear error or prevent manifest injustice. The Court's rulings, however, were not erroneous or unjust. Accordingly, Plaintiff has shown no basis for reconsideration. Because Plaintiff proceeds *pro se* and seeks reconsideration, nevertheless, the Court will briefly explain the challenged rulings in more detail.

---

[7]*Warren v. Am. Bankers Ins.*, 507 F.3d 1239, 1243 (10th Cir. 2007).

[8]*Id.*

[9]*Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 663 (D. Kan. 2004).

[10]*Cotracom Commodity Trading Co. v. Seaboard Corp.*, 193 F.R.D. 696, 697 (D. Kan. 2000).

**A. Motion for Appointment of Counsel**

In general, there is no constitutional right to appointment of counsel in a civil case.[11] For some types of cases, however, Congress has provided statutory authority to appoint counsel. For actions brought under the ADA, 42 U.S.C. § 12117(a) – by reference to 42 U.S.C. § 2000e-5(f)(1) – provides discretionary authority for appointing counsel "in such circumstances as the court may deem just."[12] When an Act, such as the ADEA, has no provision for appointment of counsel, the general authority for requesting counsel under 28 U.S.C. § 1915(e)(1) may govern.[13] By its terms, § 1915(e)(1) provides courts discretion to "request an attorney to represent any person unable to afford counsel."[14] The provision, however, is limited to persons proceeding in forma pauperis.[15]

---

[11] *See Nelson v. Boeing Co.*, 446 F.3d 1118, 1120-22 (10th Cir. 2006) (noting that "the only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases" and declining to recognize a right to counsel in a Title VII context); *Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) ("There is no constitutional right to counsel in either a Title VII case or other civil case."); *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992) (holding that there is no constitutional right to counsel in Title VII case); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) ("There is no constitutional right to appointed counsel in a civil case.").

[12] While this discretion is "extremely broad," as discussed in more detail later, long-standing Tenth Circuit precedent makes the financial ability to pay for counsel and other factors "relevant to the inquiry whether to appoint counsel." *See Castner*, 979 F.2d at 1420-21.

[13] *See Dahm v. Clinton*, No. 12-CV-1, 2012 WL 523708, at *1 (N.D. Ind. Feb. 16, 2012) (ADEA case); *Souder v. Regina Nursing Ctr.*, No. 95-6480, 1996 WL 451369, at *1 n.1 (E.D. Pa. Aug. 5, 1996) (same).

[14] While courts sometimes use the term "appoint" when referring to § 1915(e)(1), the more appropriate terminology is request. *See Mallard v. U.S. Dist. Ct. S. Dist. Iowa*, 490 U.S. 296, 300-09 (1989) (emphasizing that § 1915(d), the predecessor to 1915(e)(1), does not provide for compulsory appointment of counsel). Before being renumbered and amended in 1996, § 1915(d) provided: "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." *See id.* at 298. Even though "§ 1915(e) does not authorize the district court to require an unwilling attorney to represent an indigent defendant in a civil case, it does allow the court to

5

Neither § 2000e-5(f)(1) nor § 1915(e)(1) provide a statutory right to counsel.[16] Section 2000e-5(f)(1) is merely a "a statutory right to **request** appointed counsel at court expense."[17]

Under either cited statute, the Court has broad discretion to appoint or request counsel to provide representation.[18] To guide the court's discretion under § 2000e-5(f)(1), the Tenth Circuit has identified factors that courts consider when evaluating a motion for appointment of counsel.[19] Appointment of counsel is only appropriate under § 2000e-5(f)(1) after the plaintiff has affirmatively shown "(1) financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of discrimination."[20] In close cases, the Court should also consider

---

make an appropriate request that legal assistance be provided." *Loftin v. Dalessandri*, 3 F. App'x 658, 663 (10th Cir. 2001) (citing *Mallard*).

[15] *See Witherspoon v. Wyandotte Cnty., Kan.*, No. 08-2315-JAR-DJW, 2008 WL 4148626, at *2 (D. Kan. Sept. 3, 2008). The Tenth Circuit also seems to limit the applicability of § 1915(e)(1) to persons proceeding in forma paupers under § 1915. *See Sandle*, 201 F. App'x at 582; *Abu-Fakher v. Bode*, 175 F. App'x 179, 185 (10th Cir. 2006). While determining that § 1915(e)(2) only applies in the context of in forma pauperis proceedings, the Sixth Circuit noted that to its "knowledge no other part of § 1915 has been applied to actions not pursued in forum pauperis." *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999). This Court concurs with that notation. It seems odd to consider, furthermore, that Congress would provide a broad authority for attorney representation in a specific provision titled "Proceedings in forma pauperis."

[16] *See, e.g.*, *Nelson*, 446 F.3d at 1120-22 (addressing § 2000e-5(f)(1)); *Leo v. Garmin Int'l.*, No. 10-2495-JTM, 2010 WL 4174643, at *1 (D. Kan. Oct. 20, 2010) (addressing § 1915(e)(1)); *Patterson v. Dialysis*, No. 09-2131-JAR-GLR, 2009 WL 902406, at *1 (D. Kan. Mar. 31, 2009) (same).

[17] *Nelson* 446 F.3d at 1120 (emphasis added).

[18] *Castner,* 979 F.2d at 1420 (addressing § 2000e-5(f)(1) and characterizing the court's discretion as "extremely broad"); *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 749 (10th Cir. 2009) (addressing § 1915(e)(1)), *cert. denied*, 130 S. Ct. 3365 (2010).

[19] *See Castner*, 979 F.2d at 1420-21.

[20] *Id.* at 1421.

whether the plaintiff has the "capacity to present the case without counsel.[21]

The Court considers similar factors when deciding to request an attorney to represent an indigent party under § 1915(e)(1).[22] In such cases, the courts evaluate the merits of the litigant's claims, "the nature and complexity of the factual and legal issues," and the litigant's ability to investigate the facts and present the claims.[23] The party seeking counsel under § 1915(e)(1) has the burden "to convince the court" that asserted claims have sufficient merit to warrant the Court requesting an attorney to represent the movant.[24]

When considering appointment of counsel under § 2000e-5(f)(1), the Court remains mindful that Congress has provided no mechanism for compensating appointed attorneys.[25] "Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste precious resource and may discourage attorneys from donating their time."[26] Although the Tenth Circuit identified these concerns in the context of § 2000e-5(f)(1), they appear equally important in the § 1915(e)(1) context given the similarities between the factors to consider. Finally, the Court notes that it has a limited pool of volunteer attorneys from whom it may

---

[21]*Id.*

[22]*Patterson v. Dialysis*, No.09-2131-JAR-GLR, 2009 WL 902406, at *2 (D. Kan. Mar. 31, 2009).

[23]*Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[24]*Id.*

[25]*Id.*

[26]*Id.*

7

appoint counsel.

Because Plaintiff is not proceeding in forma pauperis in this action, § 1915(e)(1) provides no basis for the Court to request an attorney to represent her. Plaintiff's Affidavit of Financial Status (ECF No. 13), moreover, fails to show that she is unable to afford an attorney. An inability to afford counsel is a prerequisite to any other consideration under § 1915(e)(1). It is also a relevant consideration with respect to appointing counsel under § 2000e-5(f)(1). The pertinent inquiry is whether the party seeking appointment can "meet his or her daily expenses" while also hiring an attorney.[27]

In this case, Plaintiff's spouse's take home income is approximately $28,800 per year ($2,400 per month). She and her spouse appear to have $96,000 in equity in property[28] and approximately $42,000 in a checking or savings account, not including accounts for farming or for rebuilding or purchasing a home.[29] They are currently renting a furnished home for $1,000 per month including utilities and cable. They also have the following monthly expenses: groceries ($200), insurance ($562), fuel ($750), phone ($150), and medical ($600).[30] Despite her current expenses, including rent for her current residence, Plaintiff discloses substantial funds in a checking or savings account and significant equity in property. Considering the information provided by her financial affidavit, it does not appear that she lacks the financial ability to retain an attorney and to meet her daily expenses. Plaintiff, furthermore, failed to disclose all relevant financial information. Her affidavit

---

[27]*Castner*, 979 F.2d at 1422.

[28]The figure is not entirely clear on the submitted affidavit.

[29]Plaintiff explains that she lost her home to a fire in December 2011.

[30]Plaintiff also lists miscellaneous other expenses, but the amount is not clear from the affidavit. Unidentified, miscellaneous expenses, moreover, are not properly factored into the financial condition of a party seeking appointment of counsel.

does not disclose amounts in some of her and her husband's bank accounts. Nor does it provide any meaningful information about whatever stocks, bonds, or savings bonds she or her husband may own.[31]

With her initial motion for appointment, Plaintiff provided a list of twenty-two web sites or attorneys that she unsuccessfully contacted to represent her.[32] Based on that list, it appears that she has extended her efforts to retain an attorney. Although this factor provides no obstacle to appointment of counsel, it does not of itself warrant appointment.

To warrant appointment of counsel, Plaintiff must affirmatively show that she asserts meritorious claims. But she makes no attempt to demonstrate the merits of her claims in either her original motion for appointment or her motion for reconsideration. Consequently, the Court is left to consider her complaint. In that filing, she appears to allege discrimination under ADA, possibly the ADEA as well, and a claim of common law fraud. She alleges that Defendant discriminated against her between May 15 and June 4, 2009. Although she has filed a charge of discrimination and received a right to sue letter, her complaint shows no pursuit of administrative remedies with respect to any claim of age discrimination. To the extent she pursues an ADEA claim, it appears that she bases such a claim on grounds that she looks and sounds forty. Despite the identified ADEA claim, she states she was discriminated against because of a disability or perceived disability – namely, cognitive memory deficits and depression – but did not allege these reasons in her charge of discrimination. She explains that psychotherapy testing in April 2010 revealed severe memory

---

[31]Plaintiff provides no information about stocks, bonds, or savings bonds other than to state: "Edward Jones, Fidelity."

[32]The list also appears to identify ten attorneys in parenthesis that are related to web sites.

deficits that were unknown when she originally filed her charge of discrimination on May 15, 2009. Additionally, although she asserts a claim of fraud, she has not alleged fraud with particularity as required by Fed. R. Civ. P. 9(b).[33]

Based on the information in the complaint, Plaintiff has provided at best only a sketchy and rambling suggestion of facts for her claims of discrimination, hardly an adequate showing of merit to warrant appointment of counsel under § 2000e-5(f)(1). At the very least, there appears to be a significant question as to whether she has fully exhausted her administrative remedies for any ADEA and ADA claims. In addition, when considering the merits of discrimination claims, an administrative finding is a "highly probative" factor.[34] But Plaintiff has provided no administrative findings. She merely attaches a copy of her right to sue letter, which only shows that "[t]he EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge." Although the Court may not give preclusive effect to administrative findings that are adverse to the plaintiff,[35] parties seeking appointment of counsel generally cannot carry their burden to affirmatively show meritorious claims of discrimination when they fail to provide "highly probative" information for consideration. Furthermore, an adverse administrative finding coupled with many attorneys declining to represent the plaintiff, may "provide strong evidence that plaintiff's

---

[33]To comply with Rule 9(b), the "complainant must set out the 'who, what, where, and when' of the alleged fraud." *See Nal II, Ltd. v. Tonkin*, 705 F. Supp. 522, 526 (D. Kan. 1989) (citation omitted).

[34]*Castner*, 979 F.2d at 1422.

[35]*Id.*

10

case lacks merit."[36] The Court finds that to be especially true in cases, such as this, in which attorneys often agree to represent a party for a fee contingent only upon the success of the claim.

Plaintiff has provided no adequate showing, furthermore, of facts to support her claim of common law fraud. For all the foregoing reasons the Court finds no adequate basis for appointment of an attorney. The Court properly exercised its discretion to deny Plaintiff's motion for appointment.[37] She provides no adequate reason to reconsider that denial.

### B. Comparative Fault

Plaintiff also asks the Court to reconsider its decision to omit an issue of comparative fault from the scheduling order. Comparative fault is an issue that often arises in cases involving negligence under common law.[38] The complaint does not allege such a claim. Nor does Defendant in its answer assert a defense of comparative fault. The Court cannot reasonably construe the pleadings to include any claim or defense that would make comparative fault an issue. Consequently, there is no error by the Court in omitting it from the scheduling order. Limited to its application for discovery, however, the Court is not making any dispositive ruling with respect to comparative fault. By omitting it from the scheduling order, the Court has not determined the merits of any claim or defense contained in the pleadings.

---

[36] *See Jones v. Pizza Hut, Inc.*, No. 10-CV-442-WYD-KMT, 2010 WL 1268048, at *2 (D. Colo. Mar. 30, 2010).

[37] Given Plaintiff's financial ability to hire an attorney and her failure to affirmatively show that she has meritorious claims, this is not a close case that requires consideration of whether Plaintiff has the capacity to present her case without counsel.

[38] *See* K.S.A. 60-258a; *Foodbrands Supply Chain Servs., Inc. v. Terracon Inc.*, No. 02-2504-CM, 2003 WL 23484633, at *5-6 (D. Kan. Dec. 8, 2003).

**IV.     Conclusion**

For the foregoing reasons, the Court denies the request by Plaintiff, construed as a Motion for Reconsideration (ECF No. 12).  The Court appropriately denied Plaintiff's Motion for Appointment of Counsel (ECF No. 10).  It also appropriately excluded comparative fault as an issue in the Scheduling Order.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 5th day of April, 2012.

<u>S/Gerald L. Rushfelt</u>
Gerald L. Rushfelt
United States Magistrate Judge

<div align="center">

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

</div>

| | |
|---|---|
| **LORI A. RAND,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 11-4136-KHV-GLR |
| | ) |
| **WOLF CREEK NUCLEAR** | ) |
| **OPERATING CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |

<div align="center">

**MOTION &lt;insert name of motion, i.e. FOR RECONSIDERATION, TO AMEND, etc.&gt;**

</div>

Pursuant to &lt;insert rule or other authority for motion&gt;, &lt;insert moving party, i.e., Plaintiff or Defendant&gt; asks the Court &lt;insert what the moving party wants&gt;.

&lt;In accordance with Fed. R. Civ. P. 7(b), state with particularity the grounds for the motion, including the specific relief sought&gt;.

&lt;Include a concluding paragraph to restate exactly what relief the moving party wants and, if necessary, to state that a memorandum or brief in support is filed simultaneously&gt;.

<div align="right">

&lt;Date and sign – See Form 2&gt;

</div>

<div align="center">

**CERTIFICATE OF SERVICE**

</div>

I hereby certify that on &lt;insert date&gt;, I served &lt;insert what was served&gt; upon the following persons by &lt;insert how served, i.e., mail, hand delivery, etc.&gt;:

&lt;insert the name and address of each attorney or party served&gt;

&lt;identify the capacity in which such person was served, i.e., as attorney for plaintiff or defendant)&gt;

<div align="right">

&lt;Date and sign – See Form 2&gt;

</div>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LORI A. RAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 11-4136-KHV-GLR |
| | ) |
| WOLF CREEK NUCLEAR | ) |
| OPERATING CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF <insert name of motion>**

Pursuant to <insert rule or other authority for motion>, <insert moving party, i.e., Plaintiff or Defendant> asks the Court <insert what the moving party wants>.

<Insert contents required by D. Kan. Rule 7.6(a): (1) a statement of the nature of the matter before the court; (2) a concise statement of the facts, with each statement of fact supported by reference to the record; (3) a statement of the question or questions presented; and (4) the legal argument, which must refer to all statutes, rules, and authorities relied upon>.

<Include a concluding paragraph to restate exactly what the moving party wants>.

<Date and sign – See Form 2>

**CERTIFICATE OF SERVICE**

I hereby certify that on <insert date>, I served <insert what was served> upon the following persons by <insert how served, i.e., mail, hand delivery, etc.>:

<insert the name and address of each attorney or party served>

<identify the capacity in which such person was served, i.e., as attorney for plaintiff or defendant)>

<Date and sign – See Form 2>